Curia, per O’Neall, J.
The grounds for new trial were not pressed; the defendant’s attorney said he did not desire a new trial, he only wished the Court to express an opinion. *9 on the first ground, so as to settle the practice. This would be a ruling when the case did not demand it, and hence the, Court can give no authoritative judgment in the matter. Such a work of supererogation we constantly decline. In this case, we do not intend definitively to decide the first ground of new trial, though so far as we have looked into the matter, there seems to be no reason to doubt the accuracy of the decision of the judge below.
The grounds for nonsuit are those alone to be considered. I will reverse their order. Can one of two administrators transfer a note belonging to their intestate, by indorsement ? That he can is plain both from reason and authority. By law. the intestate’s goods, chattels and credits are vested in both and each of the administrators. This legal interest carries with it the right to collect and receive, jointly and severally, the assets of the estate. Whatever is done by one is done by. both. In this respect, (their joint liability,) I have always thought there was a great difference between executors and administrators. The association of executors is not voluntary, nor do they acquire their authority from a joint personal’ application for it. They derive their authority from the will.
The testator’s act, not their’s, is that which joins them together. Hence executors are not jointly liable for each other’s acts, no further than they have concurred. But administrators must be, for they come together jointly, by their own act, and they enter into a bond, joint and several, with sureties, for their faithful administration. It follows that however. as between themselves, they may be severally liable, as to every body else they are jointly liable, for all their acts.
This being so, the indorsement of a note by one is, as to the disposition of a part of the estate, a transfer binding on both, and therefore there is no room for the legal validity of the transfer, by any one, to be disputed; none, especially, for it to be disputed by the maker, whose only interest is to know, that he is discharged, when he pays the note. If a payment to one administrator, and a delivery by him of the note, would discharge the maker, there seems to be no reason to doubt that an indorsement of the note by one could not be by him (the maker) disputed. For the indorsement by one administrator and the delivery of the note to the indorsee, certainly carries with it all the rights which the^indorsee had to receive. In the case of Gage v. The administrator of Johnson, the Court went further than I have stated the law. For in it they held, thdt a receipt by one administrator, in satisfaction of a note payable to the administrators, but not in his possession, was a good and valid release of the debt. In the case of Geddes v. Simpson and Morrison, a note made by the defendants to Wm. Gist, was, after his- death, by one of the executors, transferred to the plaintiff. The power to *10 transfer it, if he was rightfully the executor, was not questioned. There was a call for the letters testamentary, as part of his title to the note, — and this the Court very proper-jy. reqUire(i to be complied with. I am therefore satisfied that the indorsement by one administrator does transfer a note belonging to their intestate. The next question is whether the indorsement here is sufficient. There seem to be two objections made to it; one, that it is a mere authority to collect; and another that it is not written on the note. These deserve to be, and will be, considered in their order. The writing, in this case, declares that the indorser has delivered the note to the plaintiff for collection, and failing to collect by due diligence, upon the return of the note the in-dorser acknowledges his liability for its amount with interest. What is this but a qualified indorsement? It seems to me to be nothing else, for it is a transfer of the note, with a guaranty. The form of such an indorsement, given in Chitty. on Bills, 234, note a, shows a stronger qualification of the general liability of an indorser, by denying recourse upon him, than here. But it cannot be necessary to follow up this matter, as to form — when Mr. Chitty, at 226, a, declares that “no form of words is essential to an indorsement.” In May v. Hancock, a guaranty of a note under seal was held to be an assignment. Why? because it shewed that the in-dorser had parted with his right to the note, by delivering it to another. In Barrett v. May, a promissory note had the writing upon its back, “ I guaranty the payment of the within to Barrett and Dunlap.” This was regarded as an in-dorsement, and the Court said of May, who signed it, that he “ stood merely in the situation of an indorser.” This was because the note was transferred by the delivery and the writing on its back,- and that he was responsible to the holder, if he failed to pay, after the use of due diligence. That is exactly the case here.
The next thing to be noticed is the objection, that this writing of indorsement is not on the note but on a separate paper. Although the term “ indorsement,” in its strict definition, would seem to be a writing on the back of a bill or-nóte, yet it is now settled, if it be on the face, or on an annexed piece of paper to the bill or note, called an allonge, it is sufficient. In Volger v. Chase, it was held that an in-dorsement written on a paper attached to the back of a note, by a wafer, was a good indorsement. In that case the Court say, there is no authority against such a writing operating as an indorsement, and therefore held it “ to be a legal transfer of the note.” In this case, the writing is not annexed to the note, or attached to its back by a wafer, but it contains a description of the note, which the jury, to whom it was left, *11 have found to be sufficint to identify it, and apply to it the writing which is claimed to be an indorsement. This certainly equal to, if not better than, any annexation, especially where both note and writing of indorsement are found, as here, in possession of thejame person. In the language of the Court, in the case of Volger v. Chase, we may very well say, there is no authority against such a writing operating as an indorsement, and in such absence we may well hold it to be a legal transfer. In Ferrell v. Paine, the action by the plaintiff was as assignee of Martin Roddy, survivor of Martin Roddy and Son, under a deed of assignment made according to the Act of 1828, regulating assignments of debtors, which included, inter alia, the following note.
“$>134,53. On demand I promise to pay Martin Roddy & Son, or order, one hundred and thirty four dollars 53-100, for value received.”
.It was supposed that the assignee might be regarded as clothed with the legal estate, and right of action, under the Insolvent Debtors, or Prison Bounds Act, and under the Act of ’98. In that case, however, the Court felt it was resorting to rather difficult and remote analogies, under the Acts to which I have referred, and they therefore chose to say that as the legal right was in the plaintiff, and as there was nothing in the law which prohibited him from suing in his own name, he might do so, styling himself as-signee. In this case, the same thing may be said, and the same result will follow. In it, I am prepared to say, as 1 did in Ferrell v. Paine, “ untrammelled by precedent and acting upon a cardinal principle of justice, that technical forms are not to be extended beyond settled rules to the prejudice of right.” — the indorsee of a note claiming the same under a separate writing, which identifies the note in such a way as to satisfy the Court and Jury, may sue and recover as in-dorsee.
The motion for nonsuit or new trial is dismissed.
Richardson, Evans, Wardlaw and Withers, JJ. concurred.
Frost, J. dissented.

Motion refused.